# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geoffrey Afamefuna Akaolisa,<br><br>    Petitioner,<br><br>v.<br><br>Luis Rosa, Jr., *et al.*,<br><br>    Respondents. | No. CV-25-04879-PHX-JJT (JFM)<br><br>**ORDER** |

    Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) The Petition presents the recurring issue whether a particular person is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a). District courts have split on this issue, although Respondents position is the minority as set forth in *Sanabria, et al. v. Rosa, et al.*, CV-25-4439-PHX-JJT (ASB), ECF No. 12 at 2–3 (D. Ariz. Dec. 11, 2025). On December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and the U.S. Immigration and Customs Enforcement were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025). And on December 18, 2025, the Central District of California entered judgment in a class action likely covering petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim

Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Doc. 94 (C.D. Cal. Dec. 18, 2025). Based on prior decisions in the District of Arizona, the Seventh Circuit's opinion, and the final judgment entered by the Central District of California, Respondents must show cause why the Petition should not be granted to the extent that Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226.

Accordingly,

**IT IS ORDERED:**

1. Counsel for Petitioner must immediately serve the Petition upon Respondents.

2. If not already issued, the Clerk's Office must issue any properly completed summonses.

3. The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

4. Respondents must show cause no later than **January 7, 2026** why the Petition should not be granted. Petitioner may file a reply no later than **January 8, 2026**.

Dated this 2nd day of January, 2026.

Honorable John J. Tuchi
United States District Judge